FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 27 2012 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

STEFAN PAPESKOV,

               Plaintiff,

   -against-

GEORGIA NITIS; ANGIOLINA LATTANZIO; ANNA
SOAVE; KATHYRYNE DANYLUK; JOHN DANYLUK;
BRANDIMARTE LUIGI; DOE-1, DOE-2, et al.; THE
CITY OF NEW YORK, DEPT. OF HOUSING
PRESERVATION AND DEVELOPMENT; MICHAEL
CARDOZO, Corporation Counsel; VIVIA JOSEPH,
Guardian *Ad Litem*; GILBERT BADILLO, Queens Co.
Civil Ct. Judge,

               Defendants.
------------------------------------------------------------------

12-CV-1740 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM &
ORDER

ROSS, United States District Judge:

    Stefan Papeskov ("plaintiff"), appearing pro se, filed the above-captioned complaint on April 5, 2012. Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order. For the reasons set forth below, the action is dismissed.

## BACKGROUND

    It is difficult to determine the nature of plaintiff's claims and the relief that he seeks. The Statement of Claim begins with a nonsensical statement that references Bulgaria, the Pope, and defendant Michael Cardozo, Corporation Counsel for the City of New York. Compl. at 2. A subsection entitled "Facts of Instant Merits" includes specific allegations related to plaintiff's former apartment at 25-09 75th Street in East Elmhurst, New York. Plaintiff alleges that, in 2009 and 2010, he was subjected to poor living conditions, including the presence of flooding, mold, and toxic dust caused by repairs made by unlicensed asbestos demolitionists. Compl. ¶¶ 3, 8. Plaintiff alleges that his landlords, defendants Kathyryne and John Danyluk, and their

1

counsel, defendant Brandimarte Luigi, pursued two holdover eviction proceedings against him. Compl. ¶¶ 5-6. He states that the first was withdrawn after he presented evidence of rent checks submitted by another party. Compl. ¶ 5. In a second proceeding in Queens Civil Court, Docket No. L&T 61674/2010, plaintiff was appointed a guardian *ad litem*, defendant Vivia Joseph. Compl. ¶¶ 7, 10. Plaintiff asserts that defendant Cardozo conspired with Joseph and the presiding judge, defendant Gilbert Badillo, "to lynch [his] rights in a blitz." Compl. ¶ 7.

Plaintiff attaches a transcript from a hearing in L&T 61674/2010 held on August 20, 2010, before Judge Badillo. Compl. ¶ 7; Ex. 11 (transcript of proceedings). At the hearing, defendant John Danyluk testified that plaintiff and two other tenants occupied the dwelling under an unwritten month-to-month lease and that the tenants had not paid any rent from January 2010 until the date of the hearing. Ex. 11 at 9-10. Danyluk testified that he terminated the tenancy on April 30, 2010, but that the tenants had refused to vacate the premises. Id. at 10-11. Plaintiff also testified at the hearing. He testified about conditions in the apartment, including work done by unlicensed contractors. Id. at 21-32. He acknowledged that he had not paid any rent since December 2009. Id. at 36. He denied that defendant Danyluk had served him with a notice of termination or sent anyone to fix the conditions in the apartment. Id. at 37, 41.

Plaintiff did not submit a copy of the judgment in L&T 61674/2010 but referenced it in an Affidavit he submitted in support of a motion seeking post-judgment relief. Ex. 12b (Papeskov Affidavit) ¶ 4. Plaintiff affirmed that Judge Badillo issued a decision on August 24, 2010, in which he awarded possession to the landlord and directed plaintiff to pay $7200 in overdue rent and use and occupancy fees. Id. ¶¶ 4,8; Compl. ¶ 11. Plaintiff states that a Notice of Eviction was issued on September 30, 2010 and executed by the Marshal on October 7, 2010. Compl. ¶¶ 13, 16. Plaintiff states that, after the eviction, he departed for Bulgaria. Compl. ¶ 17.

Plaintiff asserts the court's federal question jurisdiction on the basis of the Civil Rights Act, 42 U.S.C. § 1983, and related criminal statutes, 18 U.S.C. § 241 and § 242. Compl. ¶ 1. He also asserts diversity jurisdiction. Compl. ¶ 2. He states that he resides in Bulgaria; all of the defendants are located in New York. He seeks $90,000 in unspecified damages from some of the defendants and "reinstatement of tenancy in properly repaired apartment." Compl. at IV.

## DISCUSSION

I. Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (internal quotation marks and citation omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

However, a district court must dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish

that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

II. <u>Lack of Subject-Matter Jurisdiction</u>

Plaintiff's complaint does not assert a valid basis for this Court's jurisdiction over his claims. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). The federal statutes cited by plaintiff do not provide any basis for relief. To bring a claim for civil rights violations under 42 U.S.C. § 1983 ("§ 1983"), a plaintiff must allege that the challenged act or omission be committed by a person "acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Most of the named defendants are private individuals, and plaintiff has not alleged that these defendants acted under color of state law. Although plaintiff also names, as defendants, a New York City agency and a supervisory official, he fails to specify any constitutional harm attributable to the Department of Housing Preservation and Development or Corporation Counsel Michael Cardozo. The only allegation against Corporation Counsel is plaintiff's unsupported claim that defendant Cardozo instructed defendant Joseph to "lynch [plaintiff's] rights in a blitz." Compl. ¶

7. As such, plaintiff has failed to state a claim that would be cognizable under § 1983. Nor has he alleged that any party has violated the criminal statutes he cites, 18 U.S.C. § 241 and § 242, or that any private cause of action could arise therefrom. See Storm-Eggink v. Gottfried, 409 Fed. Appx. 426, 427 (2d Cir. 2011) ("[W]e have held that there is no private right of action under § 242, while nothing in the language or structure of § 241 suggests that Congress intended to create a private right of action under that section." (internal citations omitted)).

The court has considered whether the facts presented implicate any other federal question and finds that they do not. Plaintiff's claims involve a landlord-tenant matter and state court proceedings. "[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters." Galland v. Margules, No. 05 Civ. 5639, 2005 U.S. Dist. LEXIS 17125, at *4 (S.D.N.Y. Aug. 17, 2005). Accordingly, plaintiff cannot raise landlord-tenant concerns or challenge the holdover eviction proceeding in federal court.

Plaintiff also alleges diversity jurisdiction, premised on his current residence in Bulgaria and an alleged amount in controversy exceeding $75,000. Plaintiff states that he lived in the same New York apartment for nine years, has applied for public housing with the New York City Housing Authority, and seeks to reinstate his tenancy in the apartment at 25-09 75th Street in East Elmhurst. Compl. ¶¶ 17, IV. However, plaintiff provides an address in Velikotarnovsko, Bulgaria and states that he moved there after being evicted. Compl. ¶ 17. The Court need not determine whether plaintiff is actually domiciled in Bulgaria for purposes of diversity jurisdiction because he has failed to demonstrate that he meets the jurisdictional amount. "[A] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir.

1996) (quoting Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994)). Although plaintiff demands $90,000 in damages from several of the defendants, he has not specified what these damages are for, nor alleged any actual losses, other than the right to occupy an apartment for which he had stopped paying rent. Accordingly, the Court is not satisfied that it is reasonably probable that he can recover more than $75,000 in this action. Although the Second Circuit has cautioned that courts should afford a plaintiff the opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is possible, id., the court need not finally determine whether plaintiff has established diversity jurisdiction in this instance, as plaintiff's claims are barred by the Rooker-Feldman doctrine.

III. Rooker-Feldman Doctrine

Plaintiff's claim that he is entitled to occupy the apartment and his allegations about living conditions in the apartment have been litigated in state court, wherein a judge of the Queens County Court issued an order of eviction and a money judgment against plaintiff. Accordingly, his attack on the results of that case is barred by the Rooker-Feldman doctrine, which prohibits state-court litigants from inviting federal courts to review and reverse unfavorable state-court judgments. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 n.16 (1983), Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923).

The Rooker-Feldman doctrine prevents federal district courts from reviewing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In Hoblock v. Albany County Board of Elections, 422 F.3d 77 (2d Cir. 2005), the Second Circuit clarified the four requirements for application of the Rooker–Feldman doctrine: (1) the federal-

court plaintiff must have lost in state court; (2) plaintiff must complain of injuries caused by a state-court judgment; (3) plaintiff must invite district court review and rejection of that judgment; and the state-court judgment must have been rendered before the district court proceedings commenced. Id. at 85. Each of these conditions is met in this case. Plaintiff lost in state court and was served with a notice of eviction and ordered to pay a judgment of $7200. Plaintiff's injuries, the loss of occupancy in the apartment and the money damages, were caused by the state-court judgment. Plaintiff's requested relief, as far as can be determined, is reinstatement of his rights in the apartment and money damages to compensate him for the loss of occupancy. These losses were caused by the state court's judgment, and plaintiff seeks to have that judgment overturned. Moreover, according to plaintiff, the state-court judgment was rendered on August 24, 2010, long before he filed this case. For these reasons, the Rooker-Feldman doctrine applies, and this Court lacks jurisdiction.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: April 27, 2011
Brooklyn, New York